**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Javier HERNANDEZ–PEREZ, a.k.a. Ricardo Jimenez Hernandez, Defendant–Appellant.**

No. 10–10582.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2012.*

Filed May 18, 2012.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Karla Delord, Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Daniel L. Kaplan, Assistant Federal Public Defender, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Javier Hernandez–Perez appeals from the 33–month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

** This disposition is not appropriate for publication and is not precedent except as provid-

Hernandez–Perez contends that the district court failed to recognize its authority to reject the illegal reentry Guideline's prior-conviction sentencing enhancement on policy grounds. The record belies this contention. The district court considered Hernandez–Perez's policy and other mitigation arguments, recognized that the Guidelines are advisory, imposed a sentence that was 24 months below the advisory Guidelines range, and found the circumstances insufficient to justify a shorter sentence. *See United States v. Ayala–Nicanor,* 659 F.3d 744, 752–53 (9th Cir. 2011).

Hernandez–Perez's contention that his prior conviction for making a criminal threat, in violation of section 422 of the California Penal Code, is not categorically a crime of violence is foreclosed. *See United States v. Villavicencio–Burruel,* 608 F.3d 556, 563 (9th Cir.2010).

**AFFIRMED.**